UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PIVOT INNOVATIONS, LLC

      PLAINTIFF,  
V.

AVIKUS USA, INC

      DEFENDANT

CIVIL ACTION NO.:

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Pivot Solutions, LLC, by its undersigned counsel, alleges as follows for its Complaint against Defendant Avikus USA, Inc.

**THE NATURE OF THIS ACTION**

1. Pivot brings this action against Avikus pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 9,552,274 ("the '274 patent") which claims "A method for vehicle traffic flow data acquisition and reporting for onboard vehicle navigation."

**THE PARTIES**

2. Plaintiff, Pivot, is a company organized under the laws of Wyoming with an address at: 1712 Pioneer Avenue, Suite 500, Cheyenne, Wyoming 82001, and is the exclusive owner of all right, title and interest in the '274 patent.

3. Defendant Avikus USA is the US subsidiary of Avikus Co. Ltd. Korea, which is a subsidiary of HD Hyundai, with offices at 2019 SW 20th Street, Suite 208, in Fort Lauderdale, Florida 33315. Avikus uses, develops, offers to sell, and sells the accused products throughout the United States. Avikus manages, collects and distributes data using the claimed method of the asserted '271 Patent.

1

4. Defendant sells the claimed system, and Defendant and customers of Defendant, use the accused products to practice the claimed methods of the '274 patent throughout the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

7. This Court has personal jurisdiction over Defendant because Defendant maintains a regular and established place of business in this district and provides infringing products and services to the residents of this district and by inducing infringement in this district. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) based on information set forth herein.

## BACKGROUND AND GENERAL ALLEGATIONS

9. Inventor Leigh M. Rothschild created a system that performed a method for enhanced situational awareness and traffic monitoring. He filed a patent application in September of 2008 and eventually, after a proper and through examination by the US Patent and Trademark Office, was granted several patents, including the '274 patent.

10. Defendant Avikus provides distribution of the HiNAS System which operates using the method claimed in and protected by the '274 patent. The HiNAS infringes at least claim 1- 7 of the '274 Patent. The HiNAS System includes HiNAS Navigation, HiNAS Control, HiNAS SVM and HiNAS Cloud.

2

11. On January 24, 2017, United States Patent No. 9,552,274, was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '274 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff Ariel is the exclusive owner by assignment of all rights, title, and interest in the '274 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '274 Patent.

Defendant is not licensed to the '274 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '274 patent whatsoever.

12. The '274 Patent is referred to herein as the "Patent-in-suit." The Patent-in-suit is presumed valid under 35 U.S.C. § 282.

13. At all times, Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

14. A true and correct copy of the '274 Patent is attached hereto as **Exhibit A**.

## THE PATENT

13. The '274 Patent includes Method Claims. The method claims of the '274 patent claim: "A method for vehicle traffic flow data acquisition and reporting for onboard vehicle navigation, the method comprising:."

14. Claim 1 of the '274 Patent recites:

1. A method for vehicle traffic flow data acquisition and reporting for onboard vehicle navigation, the method comprising:
    acquiring, at a first location, data of multiple vehicles traveling through
        the first location, wherein said data is acquired from
        a source not traveling in the vehicle;
    individually identifying the multiple vehicles from the first location data;
    acquiring, at a second location, data of said multiple vehicles traveling
        through the second location; and determining an
        elapsed time of travel from said data for the
        individually identified vehicles traveling through
        the two locations;
    computing a rate of travel for each of the individually identified multiple

>vehicles based upon the elapsed time of travel; and,
>broadcasting the rate of travel for at least one of the individually identified multiple vehicles to a subscriber for at least one of the two locations,
>wherein broadcasting the rate of travel for at least one of the individually identified multiple vehicles to the subscriber for at least one of the two locations, further comprises additionally broadcasting the acquired data to the subscriber.

## INFRINGEMENT

16.     Defendant makes and provides the system known as Hyundai Intelligent Navigation Assistant System HINAS which includes a wide array of ship board sensors used to monitor and identify other marine traffic and acquire data in and around the ship's location. As the ship travels from location to location, surrounding marine traffic continues to be monitored and data is collected. The data collected by the ship at its various locations is used to determine the rate of travel of the monitored marine traffic for situational awareness and collision avoidance. The bridge personnel receive the rate of travel information as well as the acquired data. In addition, data can be shared through the HiNAS Cloud with on shore personnel and/or other ships.

17.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '274 patent, by performing the claimed method of traffic flow data acquisition and reporting.

18.     Defendant also indirectly infringes the '274 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has, subsequent to notice, and is currently and knowingly and intentionally actively inducing others to directly infringe at least one claim of the '274 patent by providing hardware, software and systems through which its customers practice the claimed methods. Defendant continues to induce infringement of the '274 patent.

19.     Defendant has contributorily infringed and continues to contributorily infringe

under 35 U.S.C. §271(c) because, with knowledge of the '274 patent, Defendant supplies a material part of an infringing system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '274 patent, Defendant supplies the technology that allows its customers to create and use a system which infringes the patent by performing the method, including allowing Defendant's customers to practice the method claims and/or allows the customers to combine components or software with other software or otherwise combine to create an infringing system.

20. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly and indirectly infringe claims of the '274 Patent.

21. Attached as **Exhibit B** to the Complaint is a claim chart demonstrating an exemplary correspondence of the operation of the accused products with elements of an exemplary claim of the '274 patent. The selected claim charted as an example of infringement and not as a representative claim of the scope of the '274 Patent.

22. Defendant and its customers have continued infringement.

23. The accused products satisfy the elements of the asserted claims, shown below is an example of a use of the HiNAS System compared to the elements of Claim 1 of the '274 patent:

1. A method for vehicle traffic flow data acquisition and reporting for onboard vehicle navigation, the method comprising:



-acquiring, at a first location, data of multiple vehicles traveling through the first location, wherein said data is acquired from a source not traveling in the vehicle;

**Advanced Situational Awareness for Safer Voyages**

HiNAS Navigation enhances situational awareness by seamlessly integrating camera vision, AIS, and ARPA data, providing captains and crew with a clear, optimized forward view for safer navigation. Its advanced warning system proactively alerts crews to potential collisions, significantly improving maritime safety. Additionally, with IR camera technology, HiNAS Navigation enhances visibility in low-light and poor weather conditions, ensuring reliable performance in all environments.

-individually identifying the multiple vehicles from the first location data;



- acquiring, at a second location, data of said multiple vehicles traveling through the second location; and determining an elapsed time of travel from said data for the individually identified vehicles traveling through the two locations;



- computing a rate of travel for each of the individually identified multiple vehicles based upon the elapsed time of travel; and,

**Surround View Monitoring**
HiNAS SVM delivers a real-time, 360-degree bird's-eye view, enhancing situational awareness and safety, especially during berthing. With AR-based distance guides, AIS/ARPA visualization, and intelligent object recognition, it provides precise navigation support and obstacle detection. Additionally, its video recording capability allows for crew training, incident review, and performance analysis, ensuring continuous operational improvement. Elevate your vessel's safety and efficiency with HiNAS SVM.

broadcasting the rate of travel for at least one of the individually identified multiple vehicles to a subscriber for at least one of the two locations,



- wherein broadcasting the rate of travel for at least one of the individually identified multiple vehicles to the subscriber for at least one of the two locations, further comprises additionally broadcasting the acquired data to the subscriber.

> **Cloud**
>
> **Real-Time Fleet Monitoring and Playback for Proactive Management**
>
> HiNAS Cloud is a platform-based fleet management solution that provides onshore offices with real-time monitoring and full operational oversight. By collecting and displaying camera feeds, navigational data, and weather forecast, it enhances fleet-wide efficiency, enabling informed decision-making and seamless maritime operations.

24.     Defendant has infringed, and continues to infringe, at least claims 1-7 of the '274 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, distributing offering to sell, selling and/or importing into the United States systems that practice the methods that infringe the asserted claims and by performing the claimed methods, (b) by inducing others to use the accused products and to perform the claimed methods, (c) by contributing to the infringement of others by selling components of systems that practice the claimed method and (b & c) by selling a product for performing the patented method. Defendant continues to manufacture, use, offer to sell, sell and import accused products which are used to infringe by performing the accused method. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United

States.

25. By engaging in accused activity of practicing the infringing method, Defendant continues to infringe claims of the '274 Patent.

26. Upon information and belief, Defendant has directly infringed one or more of claims of the '274 patent under 35 U.S.C. §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused infringing activity of practicing the method and including making, using, distributing, offering to sell, selling and importing accused products which practice the claimed method. Defendant continues to infringe claims of the '274 Patent.

27. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '274 Patent under 35 U.S.C. §271(b):

> "(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used and/or combined to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

28. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '274 Patent under 35 U.S.C. §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and/or other components and supplies, which are combined, such

as with other hardware and/or software and/or as an add-on to systems or programs or otherwise combine to form a system used in practicing methods which infringe the claims of the '274 Patent, thus contributing to the infringement of the '274 Patent.

29. Defendant does not have a license or authority to use or practice the '274 patent.

30. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations. Defendant is intentionally continuing their knowing infringement.

31. As a result of Defendant's infringement of the '274 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,552,274

32. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

33. Defendant Avikus has infringed, and continues to directly infringe, at least claim 1-7 of the '274 Patent, under 35 U.S.C. § 271(a), by practicing one of more of the method claims of the '274 Patent.

34. As a result of Avikus' infringement of the '274 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II

## INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,552,274

35. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

36. Upon information and belief, Defendant Avikus has indirectly infringed one or more of the claims of the '274 patent under 35 U.S.C. §271(b) by providing accused products, with

instructions, which are used to practice the patented method according to the instructions and thereby inducing others to use the products in an infringing manner.

37. As a result of Avikus' infringement of the '274 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III

## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,552,274

38. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39. Upon information and belief, Defendant Avikus has indirectly infringed one or more of the claims of the '274 patent under 35 U.S.C. §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which are used to practice methods which infringe the claims of the '274 patent, thus contributing to the infringement of the '274 patent.

40. As a result of Avikus' infringement of the '274 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

41. As a result of Avikus' infringement of the '274 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## PRAYER FOR RELIEF

For a Judgment declaring that Avikus has infringed the '274 Patent.

For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '274 Patent in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

| | |
|---|---|
| Date: July 22, 2025 | Respectfully Submitted; |ತ

Date: July 22, 2025                    Respectfully Submitted;

/s/Barbra A. Stern
Barbra Anne Stern, Esquire
Florida Bar Number 526576
Lead Counsel for Plaintiff
**Law Office Of Barbra Stern PA**
808 E. Las Olas Blvd.
Suite 102
Fort Lauderdale, FL 33301
(954) 239-7249
Email: barbra@sternlawoffice.com

/s/ *Joseph J. Zito*
Joseph J. Zito
*Pro Hac Vice* anticipated
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
jzito@dnlzito.com
(202) 466-3500
/s/ *René A. Vazquez*
René A. Vazquez
*Pro Hac Vice* anticipated
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(703) 989-2244